IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN K. COSGROVE, on behalf of himself
and all others similarly situated,
       Plaintiff,   CLASS ACTION
  vs.
             CIVIL ACTION NO. 09-CV-1095(TMG)
CITIZENS AUTOMOBILE FINANCE, INC.
       Defendant.

## DISCOVERY ORDER

  AND NOW, this _____ day of _____, 2009, upon consideration of the motion of Plaintiff Brian K. Cosgrove (Doc. No. 25) to compel Defendant Citizens Automobile Finance, Inc. ("Citizens") to respond to Plaintiff's written discovery requests, and any response thereto, and for good cause shown, it is ORDERED that the motion is GRANTED.

  Citizens is hereby ORDERED to serve within 10 days of this Order full, complete, and verified responses, without objection, to Plaintiff's Interrogatories.

  Citizens is further ORDERED to serve within 10 days of this Order full, complete, and verified responses, without objection, to Plaintiff's First Request for Production of Documents. The responses shall specify what documents are responsive to the individual requests and include production of all responsive documents.

                BY THE COURT:

                _____
                       U.S.D.J.

clf\cosgrove-citizens\pleadings\discovery\pl's mot to compel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN K. COSGROVE, on behalf of himself and all others similarly situated, <br>                    Plaintiff, <br> vs. <br> CITIZENS AUTOMOBILE FINANCE, INC. <br>                    Defendant. | CLASS ACTION <br><br> CIVIL ACTION NO. 09-CV-1095(TMG) |

**PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES**

Plaintiff Brian K. Cosgrove entered into Retail Installment Contracts for the purchase and finance of two automobiles in 2004. The autos were financed through Defendant Citizens Automobile Finance, Inc. ("Citizens"). Citizens subsequently repossessed the vehicles but failed provide proper and required notification of the repossession to Plaintiff (and the Class) in violation of the UCC and Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"). In the case of Mr. Cosgrove and many others, although the loan agreement(s) permitted reinstatement by making only the few past due payments (Amended Compl., Exs. A & B (Loan Agrmt.), Doc. No. 3), the post-repossession notice(s) mailed by Citizens misrepresented that right, stating:

> "You may redeem the vehicle by paying the entire amount you owe on the contract (not just past due payments) plus [repossession costs] … total balance $29,989".

Over four months ago, in May, 2009, Plaintiff served Defendant with Interrogatories and Document Requests. Defendant's responses to the written discovery were originally due on June 15, 2009. Plaintiff, through counsel, acquiesced to several extensions, the latest of which expired on September 25, 2009 – a date which Citizens said it would meet. Defendant has not responded to Plaintiff's Interrogatories or Document Requests despite ultimately being given

1

until the September 25, 2009 to do so.[1]  Defendant Citizens has had more than sufficient time to respond.  Plaintiff's counsel has made repeated good faith efforts to obtain answers to Plaintiff's discovery requests, but to no avail.  (Lorenz Cert. attached hereto).

Citizens continues to thumb its nose at its discovery obligations.  Consequently, Plaintiff moves the Court for an Order pursuant to Fed.R.Civ.P. 37(a) and Local Rule 26.1(g) compelling Defendant to provide full and complete responses to Plaintiff's Interrogatories and Request for Production of Documents as set forth herein.

By way of background, Citizens had advised that there were approximately 6,000 repossessions (and therefore loan files) during the class period.  Only portions of 300 loan files have been produced to date in connection with those repossessions.  It appears certain to Plaintiff that Citizens has not devoted nearly enough personnel or resources to the task.  This must change.

Under the civil rules amendments, the court is permitted to take into account the amount in controversy in shaping the discovery obligations and timetable.  *See* F.R.Civ.P. 26(b).  For a secured party's failure to meet its obligations to a consumer, there is a statutory damages remedy under the UCC, 13 Pa. C.S.A. §9-625(c), of the finance charge plus 10% of the loan.  Based upon our review of the initial loan documents, it appears that at least 1/3 of the 6000 loan files could be non-compliant.  Using what appears to Plaintiff to be an average finance charge of $7,000.00 and an average loan amount of $15,000.00, the statutory damages calculation alone comes to some $17,000,000 ($7000 + 1500 = 8500 x 2000 [loans] = $17,000,000).  Citizens may just have to hire some temporary staff to help address its discovery obligations in this matter in a

---

[1]  At the time of the initial Rule 16 Conference, counsel for the parties agreed to engage in an initial production of loan documents in order to assess the scope and breadth of Defendant's violations alleged in this matter.  While it took some prodding by Plaintiff's counsel, Defendant finally produced portions of approximately 300 loan files.

2

timely way.  Certainly, Plaintiff has been patient and this Court has indulged, but the time has come (and gone).

For the reasons set forth herein and in the attached Certification, this Motion should be granted and Defendant should be compelled to provide full and complete responses, without objection, to Plaintiff's Interrogatories and Request for Production of Documents.

Date:   10/02/09                                  /s/ Theodore E. Lorenz (TEL5114)
                                                  CARY L. FLITTER
                                                  THEODORE E. LORENZ
                                                  ANDREW M. MILZ
                                                  **Attorneys for Plaintiff and the Class**

                                                  LUNDY, FLITTER, BELDECOS &
                                                  BERGER, P.C.
                                                  450 N. Narberth Avenue
                                                  Narberth, PA  19072
                                                  (610) 822-0782

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN K. COSGROVE, on behalf of himself and all others similarly situated,<br>       Plaintiff,<br> vs.<br>CITIZENS AUTOMOBILE FINANCE, INC.<br>       Defendant. | CLASS ACTION<br><br>CIVIL ACTION NO. 09-CV-1095(TMG) |

## **CERTIFICATE OF EFFORT TO RESOLVE DISCOVERY DISPUTE**

In accordance with Local Rule 26.1(f), I, Theodore E. Lorenz, Esquire, attorney for Plaintiff, certify that reasonable efforts have been made to obtain responses to Plaintiff's Interrogatories and Document Requests served on Defendant.

I have spoken to and written to Robert Hannen and/or Christopher Day, counsel for Citizens, regarding the past due discovery. My co-counsel, Cary L. Flitter or I have agreed to multiple extensions for Citizens to answer discovery, recognizing there are several thousand loan files. But enough delay is enough. Attached hereto as Exhibit A are emails dated August 31, 2009; September 8, 2009; and September 11, 2009, demonstrating, in part, the efforts made to address these discovery issues with defense counsel. Despite my good faith attempts to resolve these outstanding discovery issues with defense counsel, Plaintiff's discovery requests remain outstanding.

The within Motion to Compel Discovery is necessary because of Defendant's continued failure and refusal to provide responses to Plaintiff's Interrogatories and Documents Requests.

Date: 10/02/09             */s/ Theodore E. Lorenz (TEL5114)*
                          THEODORE E. LORENZ

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN K. COSGROVE, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　Plaintiff,<br>　　vs.<br>CITIZENS AUTOMOBILE FINANCE, INC.<br>　　　　　　　　　　Defendant. | CLASS ACTION<br><br>CIVIL ACTION NO. 09-CV-1095(TMG) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2009, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Robert J. Hannen, Esquire
Thorp Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
rhannen@thorpreed.com

Christopher J. Day, Esquire
Thorp Reed & Armstrong, LLP
One Commerce Square
2005 Market Street
Suite 1000
Philadelphia, PA  19103-7041
cday@thorpreed.com

Said document is available for viewing and downloading from the ECF system.

Date:   10/02/09　　　　　　　　　　　　　　　　 /s/ Theodore E. Lorenz (TEL5114)
　　　　　　　　　　　　　　　　　　　　　　　　　THEODORE E. LORENZ

1