IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN K. COSGROVE,** on behalf of himself and all others similarly situated, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | |
| **CITIZENS AUTOMOTIVE FINANCE, INC.,** | : : | No. 09-1095 |
| Defendant. | : | |

### ORDER CERTIFYING SETTLEMENT CLASS, APPROVING CLASS ACTION SETTLEMENT, AND AWARDING COUNSEL FEES

**AND NOW**, this **25th** day of **August**, **2011**, upon consideration of Plaintiff's Motion for Final Approval of Class Settlement, Plaintiff's Motion for the Award of Attorney's Fees and Costs, and following a hearing conducted on August 18, 2011, it is hereby ordered that the motions (Document Nos. 90 and 91) are **GRANTED** because the Court finds the settlement fair, reasonable, and adequate under Rule 23.

The Court hereby finds and further **ORDERS**:

**1.** **Notice to the Class**:  Notice to the Class has been provided by the Settlement Administrator pursuant to this Court's Order of Preliminary Approval, as attested to by the Affidavit of the Settlement Administrator.  The notice given to members of the Class by first class mail constituted due and sufficient notice of the settlement and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfies the requirements of due process and Fed. R. Civ. P. 23(c) and 23(e).

2. **<u>Settlement Approved</u>**: The proposed settlement set forth in the parties' Settlement Agreement, a copy of which was filed with the Motion for Preliminary Approval, is fair, reasonable, adequate and in the best interests of the Class. The terms in this Order shall be interpreted in accordance with the definitions in the Settlement Agreement. All aspects of the Settlement Agreement are approved. The Class Representative's individual settlement award of $7,500 is approved.

3. **<u>Class Counsel Fees and Expenses</u>**. The Court has reviewed the application for Class Counsel fees and expenses, and the documentation submitted in support. Consistent with the criteria set forth in F. R. Civ. P. 23(h), and established law providing for payment of reasonable counsel fees and expenses to class counsel from a common fund created for the benefit of the Class, the Court finds the value of cash and aggregate forgiveness of debt claimed due from default and repossession, is valued in excess of $10,650,000.00, not including the valuable equitable relief of credit report correction.

The request for award of fees to Class Counsel in the sum of $1,250,000.00 is approved as fair and reasonable in light of all the factors to be considered. The fees represent approximately 11.7% of the value of the settlement excluding the value of the credit report reparation, which the Court finds of considerable value to the Class. The lodestar cross-check is appropriate. Litigation expenses of Class Counsel have been adequately documented and were reasonable and necessary for effective prosecution of the case. Expenses are approved in the requested sum of $14,073.00. Costs and counsel fees may be paid from the Settlement Fund.

4.     **Dismissal and Related Matters**:

      a.     The claims of all members of the Class, except that of the one class member who excluded herself from the Class pursuant to Paragraph 4.03 of the Settlement Agreement, are hereby dismissed with prejudice, on the merits and without costs to any party.  The Court acknowledges the exclusion of Helen M. Mokshefski, who will not be part of the Class.  Ms. Mokshefski's exclusion request was submitted as Exhibit 2.B. to the Motion for Final Approval.

      b.     Mr. Cosgrove, on his own behalf and on behalf of each Class Member, by operation of this release and the judgment, hereby shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with prejudice any and all of the Released Persons of and from any and all Settled Claims, and shall be forever barred and enjoined from instituting or further prosecuting, in any forum, including but not limited to any state or federal court or arbitration, administrative or other proceeding, any Settled Claim as defined in the Settlement Agreement.

      c.     Mr. Cosgrove, on his own behalf and on behalf of each Class Member, has acknowledged that he is aware that he may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of this Release, but that it is his intention to, and he or she is hereby deemed, upon the effective date of the Settlement Agreement, to fully, finally and forever settle and release any and all of the Released Persons from any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or matured, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

    d. Mr. Cosgrove, on his own behalf and on behalf of each Class Member, has acknowledged and agreed that he cannot raise any Settled Claim as a defense to any action brought by a Released Person against them in connection with an action seeking repayment of an obligation other than an obligation waived under the Settlement Agreement.

    e. On the Effective Date of the Settlement Agreement, solely by operation of law and pursuant to the Settlement Agreement, CAF shall be deemed to have released, settled, compromised, relinquished and discharged with prejudice all Class Members with a Deficiency Balance, including the Class Representative, their agents, attorneys, heirs and assigns, from any and all claims, liens, demands, causes of action, obligations, damages, judgments and liabilities of any nature whatsoever, known or unknown, that they have had in the past, or now have, or may have in the future against the Class Member arising from or related to the motor vehicle installment sale contracts to which the Class Members are signatories.  CAF and its agents are hereby enjoined from any further attempts to collect such monies from Class Members.  This release shall not apply to any Class Member who reinstated their contract or reclaimed and/or obtained the return of their vehicle following repossession and/or who does not appear on the records of CAF as owing a Deficiency Balance.

    f. In light of the notice given to the Class Members, the Plaintiff and all Class Members who did not exclude themselves shall be bound by the Settlement Agreement and all of their Settled Claims shall be dismissed with prejudice and released.

  **5.** *Cy Pres*.  The Court approves as *cy pres* beneficiaries Community Legal Services of Philadelphia and Mid-Penn Legal Services. The Funds remaining after distribution of the Settlement Fund to Class Members, for Class Counsel fees and for administration expenses, plus interest

accrued on the Settlement Fund, if any, shall be distributed by the Settlement Administrator in equal shares to said beneficiaries.

6. **Continuing Jurisdiction.** Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby specifically retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.

Final judgment shall be entered as provided herein.

**BY THE COURT:**

_____
**Berle M. Schiller, J..**